THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
MARK WONDERS, Defendant-Appellant.

Third District   No. 3—84—0333

Opinion filed January 14, 1985.

Robert Agostinelli and Sue Augustus, both of State Appellate Defender's Office, of Ottawa, for appellant.

Gary L. Peterlin, State's Attorney, of Ottawa (John X. Breslin and Terry A. Mertel, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE STOUDER delivered the opinion of the court:

The defendant-appellant, Mark Wonders, was indicted on one count of reckless homicide. (Ill. Rev. Stat. 1983, ch. 38, par. 9—3.) Following a trial by jury in La Salle County, the defendant was found guilty of that offense. The defendant was sentenced to a three-year term of imprisonment.

On appeal, the defendant contends that: (1) he was denied a fair trial by the erroneous admission of evidence of his blood alcohol content because the blood sample was not extracted in accordance with Department of Public Health standards; (2) the trial court erred in allowing the testimony of a reconstruction expert because the determinative facts were otherwise established by physical and eyewitness evidence; and (3) he was denied a fair trial by the erroneous admission of an emergency room nurse's opinion that the defendant was intoxicated because there was not an adequate foundation for her opinion.

The facts pertinent to this appeal are as follows. On the evening of October 13, 1983, at about 11 p.m., the defendant and a friend, Chris Johnson, were returning to Mendota from Streator. The defendant approached Mendota from the east on Route 34 in the westbound lane. At the same time, Kay Nelson was leaving Mendota and driving in the eastbound lane of Route 34. Nelson was followed by the victim, Ellen Frieders, who was driving in a separate car. As the two groups met, Nelson was forced to drive her car off the road in order to avoid the defendant's car, which was in her lane. The defendant's car barely missed Nelson and then crashed into Frieders' car, killing her.

La Salle County Deputy Sheriff Tim Pakenham responded to the scene of the accident. The defendant was unconscious and was attended to by medical technicians. Pakenham did not smell any alcohol from the defendant. He did, however, find an open beer can on the floor of the driver's side of the defendant's car and two unopened cans of beer on the passenger side. The car smelled strongly of alcohol. The officer also observed gouge marks in the pavement in the eastbound lane and determined that the accident occurred in that lane.

Pakenham remained at the scene after the defendant was taken to the Mendota Community Hospital. After continuing his investigation, Pakenham decided to arrest the defendant for driving under the influence of alcohol. He then asked the Mendota police department to have a sample of the defendant's blood taken at the hospital. Later, Pakenham received a blood sample from a nurse at the hospital.

The defendant's first contention is that he was denied a fair trial by the erroneous admission of evidence of his blood alcohol content because the blood sample was not extracted in accordance with Department of Public Health standards.

Section 11—501.2 of the Illinois Vehicle Code governs the testing of individuals who have been arrested for driving under the influence of alcohol. Subsection (a)(1) provides that in order for a chemical analysis of a person's blood to be considered valid it must have been performed according to standards promulgated by the Department of Public Health. (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501.2(a)(1).) Rule 11.01(a) of those standards provides that blood samples "shall be collected in the presence of the arresting officer or other representative of the arresting officer's agency who can authenticate the sample." Illinois Department of Public Health, Standards and Procedures for Testing of Breath, Blood and Urine for Alcohol and/or Other Drugs sec. 11, at 16 (1982) (hereinafter Standards).

At the defendant's trial the chemist who analyzed the defendant's blood sample was allowed to testify that it had a blood alcohol level of .129 percent. Under the Illinois Vehicle Code, an individual is presumed to be under the influence of alcohol if the concentration of alcohol in that individual's blood is .10 or more. (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501.2(b)(3).) Defense counsel objected to the admission of this testimony on the ground that Rule 11.01(a) of the Standards was violated. The trial judge denied the objection.

As mentioned above, after the defendant was taken to the hospital, Deputy Pakenham decided to arrest the defendant for driving under the influence of alcohol. He then requested, through the Mendota

police, that a sample of the defendant's blood be taken. Christina Fitzgerald, a registered nurse at the hospital, testified that she extracted a blood sample from the defendant. Pakenham, however, was not present and there was no evidence that any officer from the La Salle County sheriff's department was present when the blood sample was extracted. Fitzgerald testified that she gave the blood sample to an officer. Deputy Pakenham testified that he received a blood sample from a nurse, but did not remember her name.

Therefore, we agree with the defendant that Rule 11.01(a) of the Standards was violated and that a proper foundation was not presented for admission of the defendant's blood alcohol content. However, for the following reasons, we find that the error was harmless.

Chris Johnson testified that the defendant drank at least 11 cans of beer between 4:30 p.m. and the time of the accident. The defendant estimated that he drank about 10 beers between 6:30 p.m. and 10:30 p.m., when he began driving. He also stated that he drank part of another can of beer in the car as he was returning to Mendota. A toxicologist testified for the State that in his opinion a person of the defendant's weight who had an accident at 11:30 p.m. after having drunk 10 or 11 beers over a five-hour period would have been intoxicated at the time of the accident.

Kay Nelson testified that the defendant's car approached in her lane, barely missed her, and then crashed into Ellen Frieders' car. Deputy Pakenham observed gouge marks in the pavement in the eastbound lane and determined that the accident occurred in that lane. An accident reconstruction expert testified for the State that the defendant's car was in the eastbound lane at the point of impact. The defendant admitted that he had fallen asleep prior to the accident or possibly passed out. Finally, although the State chose to do so, it was not required to prove that the defendant was intoxicated in order to convict him of reckless homicide.

■ The defendant's second contention is that the trial court erred in allowing the testimony of a reconstruction expert because the determinative facts were otherwise established by physical and eyewitness evidence.

The general rule is that the use of reconstruction testimony should be the exception and not the rule. (*People v. Wolfe* (1983), 114 Ill. App. 3d 841, 847, 449 N.E.2d 980, 985.) However, in cases where eyewitness testimony is available, the trial judge may in his discretion admit accident reconstruction testimony. His determination will not be disturbed on appeal unless it constitutes an abuse of discretion. *Coffey v. Hancock* (1984), 122 Ill. App. 3d 442, 448, 461 N.E.2d 64, 69.

We hold that the trial judge did not abuse his discretion in permitting the testimony of the reconstruction expert. The defendant's speed and location at the time and point of impact were not disputed by the defendant. In addition, the testimony of Kay Nelson and the testimony of Deputy Pakenham did not conflict. Thus, this was not a case in which the testimony of lay witnesses conflicted and the danger existed that the expert's testimony would tend to merely overpersuade the jury, in its determination of witness credibility, in favor of the party introducing it. See *Coffey v. Hancock* (1984), 122 Ill. App. 3d 442, 461 N.E.2d 64.

■ The defendant's third contention is that he was denied a fair trial by the erroneous admission of an emergency room nurse's opinion testimony that the defendant was intoxicated, because there was not an adequate foundation of her opinion.

Christina Fitzgerald, a nurse at the Mendota Community Hospital, testified that she smelled a strong odor of alcohol on the defendant's breath when he was brought into the emergency room. She also testified that the defendant had a general disregard for pain, was verbally abusive, and attempted to leave the hospital. It was her opinion that the defendant was intoxicated. However, she qualified her opinion because the defendant had suffered a head injury which could have caused some of the symptoms of intoxication.

"Since lay persons may express their opinion on the question of intoxication if the opinion is based on their personal observation of and experience with intoxication" (*People v. Lawson* (1980), 86 Ill. App. 3d 376, 397, 407 N.E.2d 899, 916), we hold that the trial judge properly allowed Fitzgerald to testify that the defendant appeared intoxicated.

For the foregoing reasons, the judgment of the circuit court of La Salle County is affirmed.

Affirmed.

HEIPLE and SCOTT, JJ., concur.